UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Jason Frank, Michael Hutchins, Erich
Peasley, Marjorie Simmons, Willard
Simmons, William Waters and Robert
Wilhelm

                Plaintiffs,

    vs.

Gold'n Plump Poultry, Inc.,

                Defendant.

Court File No. 04-CV-1018 JNE/RLE

**PLAINTIFFS' MEMORANDUM OF
LAW IN SUPPORT OF THEIR
MOTION TO COMPEL DISCOVERY
RELATING TO DEFENDANT'S
AFFIRMATIVE DEFENSES**

## INTRODUCTION

Plaintiffs respectfully submit this Memorandum of Law in Support of Their Motion to Compel Discovery Relating to Defendant's Affirmative Defenses. On the heels of this Court's recent Order determining the scope of Gold'n Plump's privilege waiver arising from its assertion of the advice of counsel defense, Gold'n Plump continues to evade and delay Plaintiffs' legitimate discovery efforts. As a result, Plaintiffs respectfully request that the Court grant this Motion and compel Gold'n Plump to produce, answer, or otherwise respond to the following discovery.

First, Plaintiffs respectfully request the Court to order Gold'n Plump to provide substantive responses to Plaintiff Jason Frank's First Set of Interrogatories and to produce

documents responsive to Plaintiffs' Sixth (sic) Request for Production of Documents.[1]

Plaintiffs have attempted in good faith to confer with Gold'n Plump's counsel as part of

their effort to secure the requested information without Court intervention.   However,

these attempts have failed to elicit the responses and documents sought by Plaintiffs'

requests. The discovery requests at issue seek basic information about Gold'n Plump's

affirmative defenses to Plaintiffs' claims in this matter.  Because Plaintiffs are entitled to

this discoverable information concerning Gold'n Plump's defenses, Plaintiffs respectfully

request that the Court order Gold'n Plump to provide this information.

Second, Plaintiffs request that the Court order Gold'n Plump to produce a

corporate designee pursuant to Rule 30(b)(6) to testify concerning the topics set forth in

Plaintiffs' Notice of Corporate Deposition dated April 7, 2006.  Plaintiffs seek to elicit

testimony from Gold'n Plump's corporate designee concerning the evidentiary support or

factual bases for Gold'n Plump's affirmative defenses.   The matters upon which

examination is requested are relevant to the claims and defenses asserted are reasonably

calculated to lead to the discovery of admissible evidence and to narrow issues for trial.

## FACTUAL BACKGROUND

## I.    THE COURT'S SEPTEMBER 14, 2005 ORDER REQUESTING A MORE FULLY DEVELOPED FACTUAL RECORD.

On September 14, 2005, Judge Ericksen granted Plaintiffs' motion for certification

of Plaintiffs' Fair Labor Standards Act ("FLSA") claims and denied as premature

---

[1] Sequentially, Plaintiffs' Sixth (sic) Set of Requests for Production of Documents should be entitled Plaintiffs' Seventh Set.  Plaintiffs corrected the error in sequence with respect to subsequent requests.

Plaintiffs' motion for Rule 23 class certification of their state law claims.   (Judge Ericksen's Order dated Sept. 14, 2006, Ex. A, at 2.)[2]  In so ruling, the Court expressly recognized that discovery was still in its early stages, stating, "[i]ndeed, a more developed record is required before the Court can determine whether common questions of fact and law predominate over individual issues.  It would therefore be premature to rule on the merits of Plaintiffs' Rule 23(b)(3) class certification motion."  (*Id.* at 9.)  Accordingly, the Court denied Plaintiffs' Rule 23 class certification motion without prejudice so as to allow Plaintiffs to move anew for class certification when the record before the Court was more fully developed.  (*Id.*)

Since September 2004 Plaintiffs have endeavored to develop the factual record requested by the Court, propounding ten sets of requests for production of documents, noticing and taking eight depositions, including two 30(b)(6) depositions, conducting three plant inspections, and successfully moving to determine Gold'n Plump's waiver of privilege.  Although the parties have met and conferred, Plaintiffs must now move for an order requiring Gold'n Plump to comply with its discovery obligations.

## II.   GOLD'N PLUMP CLAIMS THAT INDIVIDUAL QUESTIONS PREDOMINATE WITH RESPECT TO ITS AFFIRMATIVE DEFENSES.

In opposing Plaintiffs' initial motion for class certification of state wage and hour claims, Gold'n Plump argued that courts deny class certification where individual issues predominate with respect to affirmative defenses.  (Def.'s Mem. of Law in Opp'n to Pls.'

---

[2] All exhibits and unpublished cases are attached to the Affidavit of Kelly A. Swanson, dated May 22, 2006.

Mot. for Class Certification of State Wage and Hour Claims, Ex. B, at 14.)[3]  Gold'n
Plump advised the Court that none of its affirmative defenses were amenable to class
treatment, stating that "individual questions predominate on the affirmative defenses."
(*Id.*)  Gold'n Plump then asserted that the *de minimis* defense, in particular, raised
individual rather than common questions, precluding Rule 23 class certification of
Plaintiffs' state wage and hour claims.  (*Id.* at 14-15.)

There is no doubt that Gold'n Plump will assert the same or similar arguments
against Rule 23 class certification upon a renewed motion by Plaintiffs.  However, as
discussed more thoroughly below, Plaintiffs' efforts to obtain the evidentiary support or
factual bases for Gold'n Plump's asserted affirmative defenses, so as to reject those
defenses to the extent Gold'n Plump claims that they impact class certification, have been
thwarted by Gold'n Plump at every turn.

## III.   GOLD'N PLUMP'S REFUSAL TO PROVIDE SUBSTANTIVE RESPONSES AND DOCUMENTS CONCERNING GOLD'N PLUMP'S AFFIRMATIVE DEFENSES.

Gold'n Plump was served with Plaintiff Jason Frank's First Set of Interrogatories
and Plaintiffs' Sixth (sic) Request for Production of Documents on February 10, 2006.
(Pl. Jason Frank's First Set of Interrogs. to Def. Gold'n Plump Poultry, Inc., Ex. C; Pl.'s
Sixth Set of Reqs. for Produc. of Docs., Ex. D)  These discovery requests attempt to

---

[3] Gold'n Plump opposed collective action certification of Plaintiffs' FLSA claims on
similar grounds, stating: "Courts have looked at affirmative defenses in deciding whether
potential plaintiffs are similarly situated. * * * The disparity present in this case is only
increased when considering affirmative defenses here."  (Def.'s Mem. of Law in Opp'n
to Pls.' Mot. to Certify and Provide Notice of FLSA Claims, Ex. E, at 31.)

discover the alleged factual bases for the affirmative defenses asserted in Gold'n Plump's

Answer to Plaintiffs' Amended Complaint:

## INTERROGATORY NO. 1

Do you contend that, at all times, Gold'n Plump acted in good faith and had reasonable grounds to believe that it was in compliance with the fair labor standards acts and interpretations thereof?  If so, state all laws, facts and evidence upon which you base your contention and state the name, address, and telephone number of each individual who has knowledge of the facts upon which you base your contention.  In addition, identify all documents upon which your contentions are based.

## GOLD'N PLUMP ANSWER

This is a contention interrogatory and Gold'n Plump need not respond until the close of discovery.  *See generally* Rule 33(c), Fed.R.Civ.P.

Gold'n Plump objects to this interrogatory to the extent it calls for a legal conclusion which is at issue in this case and to the extent it calls for information shielded from discovery by the attorney-client privilege or work product doctrine.  Gold'n Plump also objects to this Interrogatory as premature.  The parties are currently engaged in extensive written discovery and discovery-related motions practice regarding Gold'n Plump's good faith defense, and Gold'n Plump is in the process of identifying responsive documents.  Without waiving these or the general objections, Gold'n Plump answers "yes" to this Interrogatory (*see also* Gold'n Plump's Answer and Gold'n Plump's Amended Answers to Plaintiffs' First Set of Interrogatories, and Gold'n Plump's Response to Plaintiffs' Fifth Set of Requests for Production of Documents).

## INTERROGATORY NO. 2

Do you contend that, at all times, Gold'n Plump acted in good faith and in reliance on and in actual conformity with applicable judicial authority?  If so, state all laws, facts and evidence upon which you base your contention and state the name, address, and telephone number of each individual who has knowledge of the facts upon which you base your contention.  In addition, identify all documents upon which your contentions are based.

**GOLD'N PLUMP ANSWER**

This is a contention interrogatory and Gold'n Plump need not respond until the close of discovery. *See generally* Rule 33(c), Fed.R.Civ.P. Notwithstanding, Gold'n Plump answers "yes" to this Interrogatory (*see also* Answer Interrogatory No. 1 above).

**INTERROGATORY NO. 3**

Do you contend that Plaintiffs have been paid by Gold'n Plump for all compensable activities? If so, state all laws, facts and evidence upon which you base your contention and state the name, address, and telephone number of each individual who has knowledge of the facts upon which you base your contention. In addition, identify all documents upon which your contentions are based.

**GOLD'N PLUMP ANSWER**

This is a contention interrogatory and Gold'n Plump need not respond until the close of discovery. *See generally* Rule 33(c), Fed.R.Civ.P. Notwithstanding, Gold'n Plump answers "yes" to this Interrogatory (*see also* Answer Interrogatory No. 1 above).

**INTERROGATORY NO. 4**

Do you contend that the doctrine of waiver applies in whole or in part in this case? If so, state all laws, facts and evidence upon which you base your contention and state the name, address, and telephone number of each individual who has knowledge of the facts upon which you base your contention. In addition, identify all documents upon which your contentions are based.

**GOLD'N PLUMP ANSWER**

This is a contention interrogatory and Gold'n Plump need not respond until the close of discovery. *See generally* Rule 33(c), Fed.R.Civ.P.

In addition to its general objections, Gold'n Plump objects to this Interrogatory as premature. The basis for Gold'n Plump's assertion of waiver as an affirmative defense will be developed during discovery, including but not limited to the depositions of the named plaintiffs. Gold'n Plump has not yet identified all individuals with knowledge of the facts

6

upon which the affirmative defense is based, nor all documents upon which it is based.

## INTERROGATORY NO. 5

Do you contend that the doctrine of estoppel applies in whole or in part in this case?  If so, state all laws, facts and evidence upon which you base your contention and state the name, address, and telephone number of each individual who has knowledge of the facts upon which you base your contention.  In addition, identify all documents upon which your contentions are based.

## GOLD'N PLUMP ANSWER

This is a contention interrogatory and Gold'n Plump need not respond until the close of discovery.  *See generally* Rule 33(c), Fed.R.Civ.P.

In addition to its general objections, Gold'n Plump objects to this Interrogatory as premature.  The basis for Gold'n Plump's assertion of estoppel as an affirmative defense will be developed during discovery, including but not limited to the depositions of the named plaintiffs.  Gold'n Plump has not yet identified all individuals with knowledge of the facts upon which the affirmative defense is based, nor all documents upon which it is based.

## INTERROGATORY NO. 6

Do you contend that the doctrines of laches and unclean hands apply in whole or in part in this case?  If so, state all laws, facts and evidence upon which you base your contention and state the name, address, and telephone number of each individual who has knowledge of the facts upon which you base your contention.  In addition, identify all documents upon which your contentions are based.

## GOLD'N PLUMP ANSWER

This is a contention interrogatory and Gold'n Plump need not respond until the close of discovery.  *See generally* Rule 33(c), Fed.R.Civ.P.

In addition to its general objections, Gold'n Plump objects to this Interrogatory as premature.  The basis for Gold'n Plump's assertion of

laches and unclean hands as an affirmative defense will be developed during discovery, including but not limited to the depositions of the named plaintiffs. Gold'n Plump has not yet identified all individuals with knowledge of the facts upon which the affirmative defense is based, nor all documents upon which it is based.

## INTERROGATORY NO. 7

Do you contend that any or all affirmative defenses asserted by Gold'n Plump apply only against certain of the named plaintiffs and collective action representatives in this case but not others? If so, separately state the affirmative defenses that do no apply to each named plaintiff. In addition, identify all documents upon which your contentions are based.

## GOLD'N PLUMP ANSWER

This is a contention interrogatory and Gold'n Plump need not respond until the close of discovery. *See generally* Rule 33(c), Fed.R.Civ.P.

In addition to its general objections, Gold'n Plump objects to this Interrogatory as premature. At this time, Gold'n Plump contends that its affirmative defenses apply against named plaintiffs as a whole.

## DOCUMENT REQUEST NO. 1

All documents supporting Gold'n Plump Poultry, Inc.'s answers to Plaintiff Jason Frank's First Set of Interrogatories to Defendant Gold'n Plump Poultry, Inc.

## GOLD'N PLUMP RESPONSE

Gold'n Plump objects to this Request as premature and for the other reasons stated in its Answers to Plaintiff Jason Frank's First Set of Interrogatories. Without waiving these or the general objections, Gold'n Plump states that documents supporting all defenses will be developed during discovery. Gold'n Plump has not yet identified documents upon which all defenses are based. (*See also* Gold'n Plump's Amended Answers to Plaintiffs' First Set of Interrogatories, and Gold'n Plump's Response to Plaintiffs' Fifth Set of Requests for Production of Documents).

Rather than answer the interrogatories intended to explore the bases for its affirmative defenses, Gold'n Plump objected to each request on the grounds that it was a contention interrogatory and/or premature, and that Gold'n Plump need not substantively respond to the same until the close of discovery. (Def.'s Answers to Pl. Jason Frank's First Set of Interrogs., Ex. F, at 2-5.)[4] Similarly, Gold'n Plump objected to Plaintiffs' document request as premature. (Def.'s Resp. to Pls.' Sixth (sic) Req. for Produc. of Docs., Ex. G, at 2.)

On March 29, 2006, the parties met and conferred by telephone to discuss Gold'n Plump's refusal to provide substantive responses to Plaintiffs' requests. (Letter from Max Heerman, Briggs & Morgan, P.A. to T. Joseph Snodgrass, Esq., Larson • King, LLP dated Mar. 31, 2006, Ex. H.) During the meet and confer, Plaintiffs advised that, absent amended responses, Plaintiffs would serve Gold'n Plump with a 30(b)(6) deposition notice concerning the company's affirmative defenses. (*Id.*) Subsequently, by way of letter dated March 31, 2006, Gold'n Plump informed Plaintiffs that it would refuse to respond to Plaintiffs' contention interrogatories until the close of discovery. (*Id.*)

## IV.   GOLD'N PLUMP'S REFUSAL TO PRODUCE A 30(b)(6) WITNESS.

In light of Gold'n Plump's continued refusal to provide substantive responses to Plaintiff Jason Frank's First Set of Interrogatories or produce documents responsive to Plaintiffs' Sixth (sic) Set of Requests for Production, Plaintiffs served Gold'n Plump with

---

[4] While Gold'n Plump's written responses to Plaintiff Jason Frank's First Set of Interrogatories and Plaintiffs' Sixth (sic) Request for Production of Documents were due on March 13, 2006, Gold'n Plump did not respond until a week and a half later on March 22, 2006. (Exs. F, G.)

a Notice of Corporate Deposition pursuant to Fed. R. Civ. 30(b)(6) on April 7, 2006. (Ex. I.)  The Notice set forth the matters upon which examination was requested; specifically, the bases for Gold'n Plump's affirmative defenses, including advice the company received from counsel concerning the compensability of donning and doffing and the *de minimis* exception to compensable time.  (*Id.* at Schedule A, pp. 4-5.)

As with Plaintiffs' interrogatory and document requests, Gold'n Plump objected to the scheduled deposition as premature on April 13, 2006, arguing that it need not produce a corporate designee until the close of discovery.  (Def.'s Objection to Pls.' Third Notice of Corp. Dep. Pursuant to Fed. R. Civ. P. 30(b)(6), Ex. J, at 1-2.)  In further support of its refusal to produce a corporate designee as noticed, Gold'n Plump stated that its affirmative defenses had not yet been developed.  (*Id.* at 2.)  Gold'n Plumpt takes this position despite Rule 11's requirement that it had factual and legal bases for asserting its affirmative defenses more than two years ago when it filed its Answer to Plaintiffs' Amended Complaint on April 12, 2004.  (Def.'s Answer to the Amended Complaint, Ex. K.)  In addition, Gold'n Plump objected to the Notice on the grounds that it sought legal conclusions and information which is shielded from discovery by the attorney-client privilege and/or work product doctrine.  (*Id.* at 2.)

In an effort to resolve this on-going dispute, Plaintiffs further explained why discovery of the alleged factual bases for Gold'n Plump's affirmative defenses prior to the close of discovery was necessary and appropriate.  (Letter from Shawn M. Raiter, Larson • King, LLP  to Mark G. Schroeder, Esq., Briggs & Morgan, P.A. dated Apr. 17, 2006, Ex. L, at 4-5.)  Specifically, Plaintiffs reminded Gold'n Plump of its Rule 11

obligation to have factual and legal bases for asserting its affirmative defenses at the time it filed its Answer.  (*Id.* at 4.)  Plaintiffs also noted that discovery of the alleged factual and legal bases for affirmative defenses was necessary prior to the class certification briefing deadline to allow Plaintiffs to explore the bases for those defenses.  (*Id.* at 4-5.)

The parties subsequently met and conferred again by telephone on this and other discovery issues unrelated to the present motion on April 18, 2006.  During the meet and confer, Gold'n Plump once again asserted that discovery relating to its affirmative defenses was "premature" and advised that it would not comply with Plaintiffs' interrogatory and document requests; nor would it produce a corporate designee pursuant to Plaintiffs' Notice of Corporate Deposition.

## V.   DESPITE THE U.S. SUPREME COURT'S *ALVAREZ* DECISION, GOLD'N PLUMP HAS NOT WITHDRAWN A SINGLE AFFIRMATIVE DEFENSE ASSERTED IN ITS ANSWER TO PLAINTIFFS' AMENDED COMPLAINT.

In a unanimous decision, the United States Supreme Court recently upheld the U.S. Department of Labor's ("DOL") interpretation of the FLSA with respect to the compensability of donning, doffing, waiting and walking time in the poultry and meat-packing industries.  *IBP, Inc. v. Alvarez*, 126 S.Ct. 514 (2005).  The *Alvarez* court held that the time spent by meat processing plant employees walking between locker rooms and production areas after donning certain safety gear is recoverable under the FLSA.  *Id.* at 525.  Similarly, the Court held that the time poultry plant employees spend waiting to doff protective clothes was not a "preliminary or postliminary activity" excluded from FLSA coverage.  *Id.* at 527.

Months after the decision in *Alvarez*, Gold'n Plump has made no changes to any of the record-keeping or payment practices at issue, and the FLSA violations have continued through at least the date of filing this motion.  (March 28, 2006 Deposition of Deke Fischer, Ex. M, at 112:4-116:3; January 27, 2006 Deposition of Peggy Brown, Ex. N, at 79:12-19 ("From 2002 forward, we have not changed our pay practices."), 120:18-23.)  Similarly, and in spite of the decision reached by the Supreme Court in *Alvarez*, Gold'n Plump has not withdrawn a single affirmative defense set forth in its Answer to Plaintiffs' Amended Complaint.  (Def.'s Answer to the Am. Compl., Ex. K, at ¶¶ 99-109.)

Gold'n Plump has surely consulted with its attorneys concerning the *Alvarez* decision and the implications that that decision has on Gold'n Plump's asserted defenses in this matter.  Nevertheless, despite months of discovery conducted by both parties, Plaintiffs are in no better a position to understand the factual and legal bases for Gold'n Plump's asserted defenses or their implications on Rule 23 class certification than they were on September 14, 2005, when the Court issued its certification Order.

## LEGAL ANALYSIS

### I.   LEGAL STANDARD

Courts accord the rules of discovery "a broad and liberal treatment."  *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  The Federal Rules of Civil Procedure enable a party to obtain discovery concerning "any matter, not privileged, that is relevant to the claim or defense."  Fed. R. Civ. P. 26(b)(1); *see also Hickman*, 329 U.S. at 507 (the rules provide for "broad and liberal" discovery; the "time-honored . . . 'fishing expedition'" cry does

not "preclude a party from inquiring into the facts underlying his opponent's case");
*Kramer v. Boeing Co.*, 126 F.R.D. 690, 692 (D. Minn. 1989) (relevancy is a "difficult objection" upon which to prevail). That is, information is discoverable if is "relevant to the claim or defense of any party" or if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).[5] A federal district court has "very wide discretion in handling pretrial discovery" and will not be overturned absent "a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Voegeli v. Lewis*, 568 F.2d 89, 96 (8th Cir. 1977).

## II.   PLAINTIFFS ARE ENTITLED TO DISCOVER THE EVIDENTIARY SUPPORT OR BASES FOR THE AFFIRMATIVE DEFENSES ASSERTED.

### A.   *Gold'n Plump Is Not Entitled To Delay Responding To Plaintiffs' Legitimate Discovery Requests Concerning The Bases For Its Affirmative Defenses.*

A plaintiff is entitled to conduct discovery with respect to a broad range of matters which pertain to the maintenance of a class action under Rule 23. Indeed, "discovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation." *Oppenheimer Fund*, 437 U.S. at n.13 (citation omitted).

---

[5] "[T]he court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation."
*Oppenheimer Fund*, 437 U.S. at 351, n.12 (quoting 4 J. Moore, *Federal Practice* ¶26.56[1], p. 26-131 n.34 (2d 3d. 1976)).

The discovery at issue here seeks to do just that.  Plaintiffs' interrogatories and corresponding document requests seek the factual and legal bases for Gold'n Plump's asserted affirmative defenses in an effort to comply with the Court's request for further development of the record prior to Plaintiffs' re-seeking certification of their state law claims.  Plaintiffs' requests will not only serve to clarify the issues confronting the Court with respect to Rule 23 class certification but will also narrow the scope of disputed issues for trial.

Gold'n Plump's refusal to provide any substantive answers to Plaintiffs' interrogatories on the grounds that they represent premature contention interrogatories thwarts the purpose behind the liberal federal discovery rules, runs afoul of federal case law, and serves only to delay resolution of this matter.[6]  Contention interrogatories are explicitly authorized by Rule 33(c), which provides that "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(c).  The advisory committee's note to the 1970 amendment to Rule 33 states that "**requests for opinions or contentions that call for the application of law to fact . . . can be most useful in narrowing or sharpening the issues, which is the major purpose of discovery**."  Fed. R. Civ. P. 33 advisory committee's note (1970) (Advisory

---

[6] Gold'n Plump's objection to Interrogatory No. 1 on the grounds that it seeks information which is shielded from discovery by the attorney-client or work product privileges is unfounded in light of this Court's April 24, 2006 Order, determining the scope of Gold'n Plump's waiver of those privileges due to its assertion of the advice of counsel defense.

Committee's Explanatory Statement Concerning Amendments of the Discovery Rules),

48 F.R.D. 487, 524 (emphasis added).[7]

In light of the great usefulness of such discovery, courts have the discretion to delay answers to contention interrogatories until after a designated period of discovery has been completed.  Fed. R. Civ. P. 33(c).  A review of the relevant case law reveals that the primary rationale for delay is that the responding party may not have had the opportunity to discover facts to answer contention interrogatories in an early stage of the litigation.  Such a position, however, ignores the fact that parties are authorized and required to supplement their discovery responses as information becomes available to them.  *Bathija v. Panoff Publ'g, Inc.*, No. J04-0011 CV, 2005 WL 2323298, *1 (D. Alaska 2005) (Ex. O.) (ordering immediate response to contention interrogatories served at early stage in litigation, followed by supplementation of responses under Rule 26(e)); *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997) (same); *In re One Bancorp Sec. Litig.*, 134 F.R.D. 4, 7-8 (D. Me. 1991)

---

[7] Despite Gold'n Plump's objection to Interrogatory No. 1 on the grounds that it calls for a legal conclusion, the interrogatory is permissible.  The answer to the interrogatory simply requires a recital of facts supporting the contentions and an application of law to fact, which are explicitly permitted under Rule 33(c).

(same).[8]  In any event, such a concern is not implicated in this case as neither the case nor discovery is in its infancy.[9]

Even if this case was not in its third-year or had extensive discovery not taken place, there is no *per se* rule prohibiting contention interrogatories at an early stage in the case.  8A Wright, Miller & Marcus, *Federal Practice & Procedure: Civil 2d* § 2167 (2d ed. 1994) (hereinafter referred to as "*Federal Practice & Procedure*"); *see also Bathija v. Panoff Publ'g, Inc.*, 2005 WL 2323298 at *1 (Ex. O) (holding that despite the early stage of discovery, party should have responded to contention interrogatories by providing specific facts on which it currently intends to rely and then supplementing its response at a later date).   The Court's discretion to defer a party's responses to contention interrogatories "should not be exercised automatically but should be reserved for 'appropriate cases.'"  *Federal Practice & Procedure: Civil 2d* at § 2167.  As discussed more thoroughly below, the case presently before the Court is not the appropriate case for deferral.

The Federal Rules contemplate that "methods of discovery may be used in any sequence and the fact that a party is conducting discovery, whether by deposition or

---

[8] Further, if a party's concern in answering a contention interrogatory prior to the close of discovery is that the answer to the interrogatory may limit that party's proof at trial, "that concern is misplaced in that, among other things, the trial court may permit the withdrawal or amendment of an answer to an interrogatory."  *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 651 (C.D. Cal. 1997).

[9] Indeed, since the U.S. Supreme Court's decision in *Alvarez*, the parties have conducted discovery.  To date, Plaintiffs have conducted eight depositions, including two 30(b)(6) depositions, three plant inspections and have propounded ten sets of requests for production and three sets of interrogatories.  Likewise, Gold'n Plump has propounded a set of interrogatories to each of the seven named plaintiffs and two sets of document requests.

otherwise, shall not operate to delay any other party's discovery." Fed. R. Civ. P. 26(d). Thus, any argument by Gold'n Plump that its answers to Plaintiffs' interrogatories must be deferred until after it has completed its discovery is unwarranted.  *In re One Bancorp Sec. Litig.*, 134 F.R.D. at 7-8 (holding that investors were not entitled to delay answers to contention interrogatories until after their own discovery was completed).

Further, Gold'n Plump asserted its affirmative defenses to Plaintiffs' claims over two years ago and was required to have some evidentiary basis for doing so.  Indeed, Rule 11 requires counsel to know what his or her client contends the other party did or did not do as soon as a pleading is filed with the court.  Therefore, if a party cannot provide answers to contention interrogatories shortly after the pleading is filed, let alone over two-years later, as in Gold'n Plump's case, it is questionable whether the party had a proper basis to make the contention in the first instance.  Consistent with Rule 11, Gold'n Plump must respond to Plaintiffs' contention interrogatories and corresponding document request with the information currently in its possession and should then supplement its responses to reflect any new information it may develop as its own discovery continues. *In re One Bancorp Sec. Litig.*, 134 F.R.D. at 8.

Finally, in *Titre v. S.W. Bach & Co.*, No. 05-80077-CIV, 2005 WL 1692508 (S.D. Fla. 2005) (Ex. P), an FLSA case directly on point, a federal district court granted an employee's motion to compel a substantive answer to the following contention interrogatory: "With respect to each and every affirmative defense raised by Defendant in its Answer, state separately for each such defense any and all legal support for such defense, the factual basis for such defense, and identify all witnesses who have

knowledge of the facts which support such defense." *Id.*, 2005 WL 1692508 at *2.[10]  The defendant responded to this interrogatory in much the same fashion as Gold'n Plump has done in the instant action.  That is, S.W. Bach stated that discovery was ongoing, that it was in the process of investigating Titre's allegations and would supplement its answer as appropriate.  *Id.*  S.W. Bach further argued that the interrogatory was improper because it represented a premature contention interrogatory served early in the litigation before substantial discovery had been completed.  *Id.*

The *Titre* court disagreed.   In concluding that S.W. Bach's response to the interrogatory was legally inadequate, the court stated:

> That this case is at an early stage does not grant Defendant license to decline to answer the Interrogatory altogether.  **Rather, Defendant should have responded to the Interrogatory by informing Plaintiff of the basis for its asserted affirmative defenses, and then seasonably supplementing its response at a later date**.  *See* Fed. R. Civ. P. 26(e)(2). FN4.
>
> **FN4.  Indeed, had Defendant lacked a factual basis for each of its defenses at the time it first raised them, Defendant would have violated Federal Rule of Civil Procedure 11.**

*Id.* at *2, n.4 (emphasis added).

While some courts may defer a party's responses to contention interrogatories until a later stage of discovery, this Court need not do so where earlier answers to such interrogatories will contribute meaningfully to clarifying the issues in the case, narrowing

---

[10] The *Titre* court also granted the employee's motion to compel with respect to a contention interrogatory seeking information concerning defendant's contention that plaintiff was exempt from the provisions of the FLSA, including the specific exemption relied upon by defendant, the factual basis for claiming such an exemption, and the records and documents relied upon by defendant in responding to the employee's interrogatory.  *Id.* at 1 (Ex. P).

the scope of the dispute, or where such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56. *In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985).

Plaintiffs specifically requested the information concerning Gold'n Plump's affirmative defenses well before the class certification briefing deadline so as to allow Plaintiffs to reject those defenses to the extent Gold'n Plump claims that they impact class certification. In addition, Plaintiffs hope that in the process of fully responding to the interrogatories, Gold'n Plump will be forced to systematically reassess the propriety of its asserted and arguably tenuous defenses in light of *Alvarez*. If not, substantive answers to Plaintiffs' interrogatories might serve as predicates for successful motions for summary judgment or a motion under Rule 11.

Clearly, the benefits flowing from a clarification and narrowing of the issues now as opposed to months from now, especially in light of Gold'n Plump's continuous efforts to delay Plaintiffs' discovery, are significant and warrant an order granting Plaintiffs' motion to compel. As in the *Titre* case, Gold'n Plump's current answers to Plaintiffs' interrogatories are legally inadequate and only serve to further delay Plaintiffs' legitimate discovery in this matter. As such, Gold'n Plump should be compelled to fully and completely answer Plaintiff Jason Frank's First Set of Interrogatories and produce non-privileged documents responsive to Plaintiffs' Sixth (sic) Set of Requests for Production.

**B.** **_Gold'n Plump Must Produce An Appropriate Corporate Designee To Testify As To The Evidentiary Support Or Factual Bases Underlying Its Affirmative Defenses._**

Gold'n Plump prevented Plaintiffs' attempt to most efficiently secure the alleged evidentiary support or factual bases for Gold'n Plump's affirmative defenses when it refused to provide substantive responses or responsive documents regarding the same, claiming that discovery relating to its affirmative defenses was premature. _See Cable & Computer Tech._, 175 F.R.D. at 652 (discussing the fact that contention interrogatories may in certain cases be the most reliable and cost-effective discovery device and less burdensome than depositions at which contention questions were propounded) (citation omitted). Gold'n Plump then objected to Plaintiffs' Notice of Corporate Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) on the same or similar grounds. _See_ Ex. J at 1-2.

As with its objections to Plaintiffs' interrogatory and document requests concerning the bases for its affirmative defenses, Gold'n Plump's objections to Plaintiffs' Notice of Corporate Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) ring hollow. Gold'n Plump can hardly argue that the Federal Rules as well as the case law discussed above with respect to contention interrogatories should not now apply with equal force to Plaintiffs' 30(b)(6) Notice. _See_ Ex. J at 2 ("Gold'n Plump's objection to the contention interrogatories – that a party need not respond to contention interrogatories until the close of discovery – applies with equal force to the Third Deposition Notice").

By way of the noticed 30(b)(6) deposition, Plaintiffs seek testimony from Gold'n Plump's corporate designee concerning the evidentiary support or factual bases for Gold'n Plump's affirmative defenses to Plaintiffs' claims. Such testimony could help to

20

illuminate issues upon which the Court must pass in deciding whether this suit should proceed as a class action under Rule 23.

As it presently stands, it is clear that Gold'n Plump intends to again claim that this issues related to its affirmative defenses somehow preclude certification of a Rule 23 class. Yet, according to Gold'n Plump, it need not provide any factual or legal basis for those defenses. The discovery rules, however, require a different result. Plaintiffs are entitled to explore and challenge the affirmative defenses and should be allowed to do so before the class certification briefing and hearing. To do otherwise would be contrary to the rules.

The matters upon which plaintiffs seek responses and examination are relevant to the claims and defenses asserted – indeed they relate to matters Gold'n Plump itself has injected into the case. The requests are therefore reasonably calculated to lead to the discovery of admissible evidence and to narrow issues for trial. Plaintiffs therefore seek and order requiring Gold'n Plump to provide substantive responses to the written contention interrogatories (and document requests) and to produce an appropriate corporate designee for deposition at a mutually convenient time and place.

## CONCLUSION

Based on the foregoing, the Class respectfully requests that the Court grant Plaintiffs' motion to compel in its entirety.

Dated this 22nd day of May, 2006.

**LARSON • KING, LLP**


**By**   s/Shawn M. Raiter
　　　T. Joseph Snodgrass, #231071
　　　Shawn M. Raiter, #240424
　　　Kelly A. Swanson #0330838
　　　2800 Minnesota World Trade Center
　　　30 East 7th Street
　　　St. Paul, MN 55101
　　　***Telephone: (651) 312-6500***

　　　**ZIMMERMAN REED, P.L.L.P.**
　　　J. Gordon Rudd, Jr., #222082
　　　Anne T. Regan #333852
　　　651 Nicollet Mall, Suite 501
　　　Minneapolis, MN 55402
　　　***Telephone: (612) 341-0400***

　　　**ATTORNEYS FOR PLAINTIFFS AND
　　　COLLECTIVE ACTION
　　　REPRESENTATIVES**


1165957