UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JASON FRANK, ERICH PEASLEY, MARJORIE SIMMONS, WILLARD SIMMONS, WILLIAM WATERS, and ROBERT WILHELM,<br><br>Plaintiffs,<br><br>v.<br><br>GOLD'N PLUMP POULTRY, INC.,<br><br>Defendant. | Civil No. 04-1018 (PJS/RLE)<br><br>ORDER |

Anne T. Regan, J. Gordon Rudd, Jr., ZIMMERMAN REED, P.L.L.P., 651 Nicollet Mall, Suite 501, Minneapolis, MN 55402; T. Joseph Snodgrass, Shawn M. Raiter, and Kelly Swanson, LARSON KING, LLP, 2800 Wells Fargo Place, 30 East Seventh Street, St. Paul, MN 55101, for plaintiffs.

Mark Schroeder, R. Scott Davies, and Max Heerman, BRIGGS & MORGAN, P.A., 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for defendant.

This matter is before the Court on defendant Gold'n Plump Poultry, Inc.'s ("Gold'n Plump's") objections to Chief Magistrate Judge Raymond L. Erickson's August 16, 2006 order addressing a number of discovery-related motions brought by the parties.  Gold'n Plump objects to two rulings in particular:  (1) Judge Erickson's decision to compel Gold'n Plump to produce certain documents that, according to Gold'n Plump, disclose the company's strategy for handling two audits by the Department of Labor ("DOL"); and (2) Judge Erickson's decision to compel Gold'n Plump to produce estimates of the time that employees devote to donning and doffing work gear.

Judge Erickson's rulings may be reversed only if they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  "'A finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  This is a deferential standard.

Applying that standard, the Court finds nothing in Judge Erickson's order to be "clearly erroneous or contrary to law."  Judge Erickson's ruling with respect to the time estimates is plainly correct.  Because Gold'n Plump is relying on an advice-of-counsel defense, plaintiffs are permitted to discover not only what that advice was, but facts relevant to whether Gold'n Plump acted reasonably in relying on that advice.

Judge Erickson's rulings with respect to particular DOL documents present a closer call.  Gold'n Plump does not dispute the principle applied by Judge Erickson — that portions of documents that "memorialize . . . strategies in addressing the DOL" should be protected.  Instead, Gold'n Plump disputes Judge Erickson's application of that principle to particular documents.

The Court agrees that some of those documents contain language that can reasonably be said to relate to Gold'n Plump's strategy for dealing with the DOL.  But identifying what is pure "strategy" is a judgment call.  Much discussion of factual information could be brought under the umbrella of "strategy."  Reasonable minds can differ over whether particular language is more "strategy" than "non-strategy."  The Court does not have a "definite and firm conviction" that Judge Erickson erred in making those judgment calls.

ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the August 16, 2006 order of Chief Magistrate Judge Erickson [Docket No. 321] is AFFIRMED.

Dated: October 25, 2006                      s/Patrick J. Schiltz
                                                                             Patrick J. Schiltz
                                                                             United States District Judge