UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JASON FRANK, ERICH PEASLEY, WILLIAM E. WATERS, and ROBERT WILHELM,<br><br>Plaintiffs,<br><br>v.<br><br>GOLD 'N PLUMP POULTRY, INC.,<br><br>Defendant. | Case No. 04-CV-1018 (PJS/RLE)<br><br>FINDINGS AND ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING PROPOSED SETTLEMENT, APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL |

---

J. Gordon Rudd, Jr. and Anne T. Regan, ZIMMERMAN REED, P.L.L.P.; T. Joseph Snodgrass, Shawn M. Raiter, and Kelly A. Swanson, LARSON KING LLP, for plaintiffs.

R. Scott Davies, Mark G. Schroeder, Max C. Heerman, Jason M. Hedican, Lauren E. Lonergan, and Michael Thomas Miller, BRIGGS & MORGAN, P.A., for defendant.

Having considered the Named Plaintiffs' counsel's duly noticed Motion for

Preliminary Approval of Class Action Settlement, the memoranda filed in support

thereof, the oral arguments of counsel and the applicable law; having considered

whether to certify a class for settlement purposes and whether the settlement is

sufficient to warrant the issuance of notice to members of the Plaintiff Class; and

having found that the proposed Settlement Agreement meets the applicable criteria

for preliminary approval, the Court hereby ORDERS, ADJUDGES AND DECREES as follows:

1.      All capitalized terms not otherwise defined in this Order shall have the same meaning ascribed in the Settlement Agreement.

2.      <u>FLSA Class Findings</u>.  By Order dated September 14, 2005, the Court certified a collective action class under 29 U.S.C. § 216(b), finding that the class members were similarly situated, appointed Jason Frank, Erich Peasley, William Waters, and Robert Wilhelm as Class Representatives, and the law firms of Larson · King, LLP and Zimmerman Reed PLLP as Class Counsel, and further directed that notice of the FLSA Action be sent.  By Order dated December 31, 2005, the Court set a deadline date for filing consents to join.  Approximately two-hundred and fifty persons joined the FLSA Action.

3.      <u>Rule 23 Settlement Class Findings.</u>  For purposes of the settlement of the Action (and only for such purposes, and without an adjudication on the merits), the Court finds that the requirements for certification of the Federal Rules of Civil Procedure, the United States Constitution, and the Local Rules of the United States District Court for the District of Minnesota have been met as to the Rule 23 Settlement Class defined below, in that:

(a).    The Court finds that the Rule 23 Settlement Class is ascertainable from records kept on file by Defendant Gold'n Plump Poultry, Inc., ("Gold'n Plump"), and the members of the Rule 23 Settlement Class are so numerous that their joinder before the Court would be impracticable. Rule 23(a)(1) is satisfied.

(b).    The commonality requirement of Fed. R. Civ. P. 23(a) is generally satisfied when members of the proposed Rule 23 Settlement Class share at least one common factual or legal issue.  Here the Named Plaintiffs have alleged questions of fact and law purportedly common to the proposed Rule 23 Settlement Class.  The Court preliminarily finds that there are one or more questions of fact or law common to the Rule 23 Settlement Class.  Rule 23(a)(2) is satisfied.

(c).    The Court finds that the Named Plaintiffs' claims are typical of the claims of the Rule 23 Settlement Class.  Rule 23(a)(3) is satisfied.

(d).    The Court finds that the Named Plaintiffs will fairly and adequately protect the interests of the Rule 23 Settlement Class in that (i) the Named Plaintiffs' interests and the nature of the claims alleged are consistent with those of the members of the Rule 23 Settlement Class, (ii) there appear to be no conflicts between or among the Named

3

Plaintiffs and the Rule 23 Settlement Class, and (iii) the Named Plaintiffs and the members of the Rule 23 Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting complex class actions.  Rule 23(a)(4) is satisfied.

(e).   Having considered the allegations of the Amended Complaint, the Court finds that the allegedly common questions of fact and law predominate over questions of fact and law affecting only individual members of the Rule 23 Settlement Class.  The Court finds that a resolution of the Action in the manner proposed by the Settlement Agreement is superior to other available methods for a fair and efficient adjudication of the litigation.  The proposed resolution of the Action provides all members of the proposed Rule 23 Settlement Class with an opportunity to receive compensation in the form of back pay.  In addition, the proposed resolution of this Action provides current and future employees with an opportunity to receive compensation for donning and doffing.  In making these findings, the Court has considered, among other factors: (i) the interest of Rule 23 Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate

4

actions; (iii) the lack of any litigation concerning these same claims

already commenced; and (iv) the desirability of concentrating the

litigation of the claims in a particular forum.  Rule 23(b)(3) is satisfied.

(f).    The Court finds that Larson · King, LLP and Zimmerman Reed PLLP

("Settlement Class Counsel") are capable of fairly and adequately

representing the interests of the Rule 23 Settlement Class.  Settlement

Class Counsel have done extensive work identifying or investigating

potential claims in the Action and have litigated the validity of those

claims.  Settlement Class Counsel are experienced at handling class

actions, other complex litigation, and claims of the type asserted in this

Action.  Settlement Class Counsel are knowledgeable of the applicable

law, and Settlement Class Counsel have committed the necessary

resources to represent the Rule 23 Settlement Class.  Rule 23(g) is

satisfied.

4.    <u>FLSA Collective Action Certification.</u>  Based on the foregoing findings

and the Court's previous Orders, the Court finds that, for the sole purpose of

settlement, and without an adjudication on the merits, the FLSA Class is defined as

follows:

> All current or former production or sanitation employees, defined as hourly nonexempt employees in live receiving, evisceration, second processing, and sanitation, who filed opt-in notices in the Action and who worked for Gold'n Plump at any time in the three years preceding the date the employee opted into this Action, including all of the Named Plaintiffs and the persons who were the subject of ECF No. 319, shall be members of the "FLSA Class." Persons who opted into this lawsuit but who did not work in live receiving, evisceration, second processing, or sanitation at any time in the three years preceding the date the employee opted into this Action are not part of the FLSA Class.

5.    <u>Rule 23 Settlement Class Certification.</u>  Based on the foregoing findings, the Court certifies the following class for settlement purposes under Fed. R. Civ. P. 23(a) and (b)(3) in this Action, for the sole purpose of settlement and without an adjudication on the merits (the "Rule 23 Settlement Class"):

> All current or former production or sanitation employees, defined as hourly nonexempt employees in live receiving, evisceration, second processing, and sanitation, who worked for Gold'n Plump in Minnesota at any time between February 24, 2001 and December 21, 2007, or who worked for Gold'n Plump in Wisconsin at any time between February 24, 2002 and December 21, 2007, shall be members of the "Rule 23 Settlement Class."

The Court finds that solely for the purpose of settlement, the Rule 23 Settlement Class is sufficiently well-defined and cohesive.

The Court appoints the Named Plaintiffs as the Class Representatives for the Rule 23 Settlement Class, and Larson · King, LLP and Zimmerman Reed PLLP as Settlement Class Counsel for the Rule 23 Settlement Class.

6.    Preliminary Findings Regarding Proposed Settlement.

(a).    Together, the FLSA Class and the Rule 23 Settlement Class comprise the

"Plaintiff Class."

(b).    The Court preliminarily finds that:  (i) the proposed settlement resulted

from extensive arm's-length negotiations and was concluded only after

the Settlement Class Counsel had conducted adequate discovery and had

consulted independent experts about the issues raised by the Named

Plaintiffs' claims; (ii) Settlement Class Counsel have concluded that the

proposed settlement is fair, reasonable, and adequate; and (iii) the

proposed settlement is sufficiently fair, reasonable, and adequate to

warrant sending notice of the settlement to the Plaintiff Class and

holding a full hearing on the proposed settlement.  Accordingly, the

terms of the settlement and Settlement Agreement are hereby

preliminarily approved and made a part of this Order, and shall be

submitted to the Plaintiff Class members for their consideration and for

a hearing under Rule 23(e) of the Federal Rules of Civil Procedure and

section 216(b) of the Fair Labor Standards Act on whether to grant final

approval to the proposed settlement.

(c).    In the event that the Parties fail to consummate the settlement or the

settlement is not finally approved by the Court or not consummated for

any other reason whatsoever, then  (i) this Settlement Class Certification

Order shall be vacated by further Order of the Court, without prejudice

to any positions of the Parties with respect to any procedural or

substantive issues in the Action, including but not limited to, the rights

of the Defendant to challenge any motion for class certification, and (ii)

all of the other provisions in the Settlement Agreement regarding what

the Parties' respective rights and positions shall be in this event will

apply and remain binding and enforceable.

7.     <u>Final Approval Hearing.</u>  A Final Approval Hearing is scheduled for 8

a.m. on April 17, 2008, before the Honorable Patrick J. Schiltz, in the United States

District Court for the District of Minnesota, Courtroom 3, 778 Federal Building, 180

E. Fifth Street, St. Paul, Minnesota, to determine, among other things:

- Whether the Action should be finally certified as a class action solely

  for settlement purposes;

- Whether the settlement should be approved as fair, reasonable, and

  adequate;

- Whether any objection to the settlement by Plaintiff Class members has merit;

- Whether the class notice provided for by the Settlement Agreement (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Plaintiff Class of the pendency of the Action, their right to object to the settlement, and their right to appear at the Final Approval Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

- Whether the application for attorneys' fees and expenses filed by Settlement Class Counsel should be approved; and

- Whether the application for service awards for the Class Representatives should be approved.

8.     Class Notice and Notice-Related Dates and Deadlines.  The proposed Notice of Hearing and Claim Form ("Notice") and Summary Notice, attached as Exhibits B and C to the Settlement Agreement, is approved as to form and substance. The Court finds that the Notice and Summary Notice fairly and adequately (a)

describe the terms and effect of the Settlement Agreement and of the settlement; (b)

notify the Plaintiff Class concerning the proposed claims process; (c) notify the

Plaintiff Class that Settlement Class Counsel will seek service awards for the Class

Representatives from the Settlement Fund in an aggregate amount not to exceed

$50,000, and will seek litigation costs, including but not limited to expert fees,

mediator fees, translation fees, and court reporter fees, settlement administrative

costs, costs of notice, and attorneys' fees not to exceed $2,675,000; (d) notify the

Plaintiff Class that *cy pres* funds, if any, will be awarded at the discretion of the

Court; (e) give notice to the Plaintiff Class of the time and place of the Final Approval

Hearing; and (f) describe how the recipients of the Notice may object to any of the

relief requested.  The Notice shall be disseminated to the Plaintiff Class members as

provided for in the Settlement Agreement.

The Court hereby adopts the following dates and deadlines:

| | |
|---|---|
| February 22, 2008: | Last day for direct mailing of Notice. |
| February 29, 2008: | Last day for publication of Summary Notice. |
| March 31, 2008: | Last day (evidenced by postmark) for Plaintiff Class members to submit an objection to, opt out of, or comment on the proposed settlement. |
| April 17, 2008: | Final Approval Hearing. |

June 1, 2008:                    Last date for filing claims.

At or before the Final Approval Hearing, Settlement Class Counsel shall file

with the Court a proof of timely compliance with the foregoing mailing and

publication requirements.

9.      Claim Forms.  The proposed claim forms, attached as Exhibit D to the

Settlement Agreement as well as the Settlement Agreement's provisions requiring the

submission of a completed claim form in order for a Plaintiff Class member to qualify

to receive benefits available under the proposed settlement, are hereby approved.

Claim forms must be postmarked on or before June 1, 2008.

10.     Settlement Class Counsel Filings.  Settlement Class Counsel will submit a

memorandum in support of final approval of the Settlement Agreement and motion

for attorneys' fees, reimbursement of costs, and payment of settlement administrative

costs, in accordance with law and the local court rules.

11.     Requests for Exclusion.  Any members of the Rule 23 Settlement Class

who wish to exclude themselves from, or opt out of, the Rule 23 Settlement Class and

the Settlement Agreement, must send a written request for exclusion to the Clerk of

Court and Settlement Class Counsel and Defendant's Counsel, postmarked no later

than March 31, 2008, to the following addresses:

11

Clerk of Court
United States District Court for the District of Minnesota
202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Settlement Class Counsel
T. Joseph Snodgrass
Larson · King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101

Gold'n Plump's Counsel
R. Scott Davies
Briggs and Morgan, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

A request for exclusion is valid only if it (i) sets forth, with respect to the person requesting exclusion, that person's name, address, telephone number, and social security number and the dates the person worked at Gold'n Plump and what position(s) the person worked in; (ii) is either titled "Request for Exclusion" or includes a statement that the Plaintiff Class member wishes to be excluded from the Rule 23 Settlement Class; and (iii) is signed by or on behalf of the person.

If a request for exclusion does not substantially comply with this Order, then it shall not be an effective request for exclusion. The person submitting an ineffective request for exclusion shall for all purposes be a member of the Rule 23 Settlement

Class and bound by the terms of the Settlement Agreement and any orders or

judgment entered in connection therewith by the Court.  All persons who make an

effective request for exclusion from the Rule 23 Settlement Class shall not be

members of that class and shall have no rights whatsoever with respect to the

settlement or the benefits which may be provided or available.

   12. <u>Objections to Settlement.</u>  Any member of the Plaintiff Class who

wishes to object to the fairness, reasonableness, or adequacy of the settlement, to the

claims process, to any term of the Settlement Agreement, to the proposed award of

attorneys' fees and expenses, or to any request for service awards for the Class

Representatives, may file an objection.  To do so, an objector must file with the Court

and serve upon Settlement Class Counsel and Defendant's Counsel a statement of his

or her objection(s) that includes (a) the objector's name, address, telephone number,

social security number, the dates the objector worked at Gold'n Plump and what

position(s) the objector worked in, and (b) the specific grounds for the objections.

The addresses for filing objections with the Court and service on counsel are as

follows:

    Clerk of Court
    United States District Court for the District of Minnesota
    202 U.S. Courthouse
    300 South Fourth Street
    Minneapolis, MN 55415

Settlement Class Counsel
T. Joseph Snodgrass
Larson · King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101

Gold'n Plump's Counsel
R. Scott Davies
Briggs and Morgan, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

No Plaintiff Class member shall be heard and no papers, briefs, pleadings, or other documents submitted by any Plaintiff Class member shall be received and considered by the Court unless the objector or his or her counsel (if any) sends the objection to counsel listed above and to the Court, postmarked no later than March 31, 2008.  Any member of the Plaintiff Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the settlement, and any untimely objection shall be barred.

13.    Notice Expenses.  The expenses of printing, mailing, publishing, and translating all notices required shall be paid from the attorneys' fees and expenses award as provided in paragraph 9 of the Settlement Agreement.

14

14.     <u>Service of Papers.</u>  Gold'n Plump's Counsel and Settlement Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

15.     <u>Claims Administration.</u>  Settlement Class Counsel are hereby authorized to retain a Claims Administrator to conduct claims administration in accordance with the Settlement Agreement.

16.     <u>Termination of Settlement.</u>  This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the settlement is terminated in accordance with the Settlement Agreement.  In such event, paragraph 16 of the Settlement Agreement shall govern the rights of the Parties.

17.     <u>Use of Order.</u>  This Order shall be of no force or effect if the settlement does not become final and shall not be construed or used as an admission, concession or declaration by or against the defendant of any fault, wrongdoing, breach or liability or concession as to any issue, including the appropriateness of class certification.  Nor shall the Order be construed as an admission, concession or declaration by or against the Named Plaintiffs or the Plaintiff Class that their claims lack merit or that the relief requested in the Amended Complaint is inappropriate,

improper or unavailable, or as a waiver by any Party of any defense or claims he, she

or it may have.

18.     <u>Rescheduling of Hearing.</u>  The Court reserves the right to reschedule the

Final Approval Hearing without further written notice.

19.     <u>Stay.</u>  This Action is stayed pending the Court's ruling on the settlement

at the Final Approval Hearing.  Plaintiff Class members are enjoined from filing or

prosecuting any action based on or in any way related to the Settled Claims until the

Court's ruling on the settlement at the Final Approval Hearing.

SO ORDERED this 14th day of February, 2008.

<u>s/Patrick J. Schiltz</u>
Patrick J. Schiltz
United States District Judge