UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JASON FRANK, ERICH PEASLEY, ROBERT WILHELM, and WILLIAM E. WATERS,<br><br>Plaintiffs,<br><br>v.<br><br>GOLD'N PLUMP POULTRY, INC.,<br><br>Defendant. | Case No. 04-CV-1018 (PJS/RLE)<br><br>ORDER FOR FINAL JUDGMENT AND GRANTING MOTIONS FOR FINAL APPROVAL OF SETTLEMENT AND FOR AN AWARD OF SERVICE PAYMENTS, ATTORNEYS' FEES, AND COSTS |

T. Joseph Snodgrass and Kelly A. Swanson, LARSON KING, LLP; J. Gordon Rudd, Jr. and Anne T. Regan, ZIMMERMAN REED, PLLP, for plaintiffs.

R. Scott Davies and Mark G. Schroeder, BRIGGS & MORGAN, PA, for defendant.

This matter is before the Court on Settlement Class Counsel's duly noticed Motion for Final Approval of Collective and Class Action Settlement and Motion for an Award of Service Payments to Class Representatives and for an Award of Attorneys' Fees, Costs, and Expenses to Settlement Class Counsel [Docket No. 445]. Having considered the motions, the memoranda filed in support thereof, the oral arguments of counsel and the applicable law; having found that the Settlement Agreement meets the applicable criteria for final approval; and having found that Settlement Class Counsel's requests for Class Representative service payments, attorneys' fees, costs, and expenses meet the applicable criteria for approval, the Court grants the motions and makes the following findings and rulings:

1.     Plaintiffs Jason Frank, Erich Peasley, Robert Wilhelm, and William E. Waters (the "Named Plaintiffs") and Defendant Gold'n Plump Poultry, Inc. ("Gold'n Plump"), entered into a Settlement Agreement dated January 31, 2008.

2.     On February 14, 2008, the Court entered Findings and an Order [Docket No. 444], which (i) certified for settlement purposes a Rule 23 Settlement Class; (ii) preliminarily approved the settlement as to the Rule 23 Settlement Class and the previously certified FLSA Class (together, the "Plaintiff Class"); (iii) approved the forms and methods of notice of the settlement to members of the Plaintiff Class; (iv) directed that appropriate notice of the settlement be given to the Plaintiff Class; and (v) set a hearing date for final approval of the settlement.

3.     Notice of the settlement was mailed to the Plaintiff Class on February 22, 2008. The Plaintiff Class also received published notice. Both mailed and published notices were translated into Spanish and Somali. In addition, Settlement Class Counsel established a website for Plaintiff Class members to access the Settlement Agreement and notice of the settlement, and set up a toll-free telephone number to receive Plaintiff Class member inquiries. One Rule 23 Settlement Class member has elected to be excluded from the Plaintiff Class by filing a timely request for exclusion. No Plaintiff Class members filed timely formal objections to the settlement.[1]

---

[1] One class member, Larry Berg, submitted a letter complaining generally about Gold'n Plump but not objecting to the settlement. One person who appears to be a class member, Sandra Mackeday, submitted an untimely letter complaining that Gold'n Plump did not pay her for donning and doffing time. But by her own admissions, Mackeday was not deprived of overtime compensation. She therefore does not have a claim under the FLSA, nor is she entitled to payment under the settlement in this case. Finally, one non-class member, Lynette Verner, wrote a letter complaining that Gold'n Plump has not yet changed its pay practices.

4.      On April 17, 2008, at 8 a.m., in Courtroom 3, in the United States District Court for the District of Minnesota, 778 Federal Building, 180 E. Fifth Street, St. Paul, Minnesota, the Court held a hearing on whether the settlement was fair, reasonable, adequate, and in the best interests of the Plaintiff Class ("Final Approval Hearing").  At the Final Approval Hearing, the Class Representatives and the Plaintiff Class were represented by T. Joseph Snodgrass and Kelly Swanson of the firm Larson King, LLP, and J. Gordon Rudd, Jr. and Anne T. Regan of the firm Zimmerman Reed PLLP ("Settlement Class Counsel").  R. Scott Davies and Mark G. Schroeder appeared on behalf of Gold'n Plump.  The Court also afforded class members the opportunity to be heard at the Final Approval Hearing, but no class members attended the hearing.

5.      The form, content, and method of dissemination of the notice given to the Plaintiff Class fully complies with the requirements of the Fair Labor Standards Act, Rule 23 of the Federal Rules of Civil Procedure, and due process, constituted the best notice practicable under the circumstances, and is due and sufficient notice to all parties entitled to notice of the settlement of this Action.

6.      <u>Rule 23 Settlement Class Findings</u>:  For purposes of the settlement of the Action (and only for such purposes, and without an adjudication on the merits), the Court finds that the requirements for certification of the Federal Rules of Civil Procedure, the United States Constitution, and the Local Rules of the United States District Court for the District of Minnesota have been met as to the Rule 23 Settlement Class defined below, in that:

(a)     The Court finds that the Rule 23 Settlement Class is ascertainable from records kept on file by Defendant Gold'n Plump, and the members of the Rule 23

       Settlement Class are so numerous that their joinder before the Court would be impracticable. Rule 23(a)(1) is satisfied.

(b)    The commonality requirement of Fed. R. Civ. P. 23(a) is generally satisfied when members of the proposed Rule 23 Settlement Class share at least one common factual or legal issue. Here the Named Plaintiffs have alleged questions of fact and law purportedly common to the proposed Rule 23 Settlement Class. The Court finds that there are one or more questions of fact or law common to the Rule 23 Settlement Class. Rule 23(a)(2) is satisfied.

(c)    The Court finds that the Named Plaintiffs' claims are typical of the claims of the Rule 23 Settlement Class. Rule 23(a)(3) is satisfied.

(d)    The Court finds that the Named Plaintiffs will fairly and adequately protect the interests of the Rule 23 Settlement Class in that (i) the Named Plaintiffs' interests and the nature of the claims alleged are consistent with those of the members of the Rule 23 Settlement Class, (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Rule 23 Settlement Class, and (iii) the Named Plaintiffs and the members of the Rule 23 Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting complex class actions. Rule 23(a)(4) is satisfied.

(e)    Having considered the allegations of the Amended Complaint, the Court finds that the common questions of fact and law predominate over questions of fact and law affecting only individual members of the Rule 23 Settlement Class. The Court finds that a resolution of the Action in the manner proposed by the

        Settlement Agreement is superior to other available methods for a fair and efficient adjudication of the litigation.  The proposed resolution of the Action provides all members of the proposed Rule 23 Settlement Class with an opportunity to receive compensation in the form of back pay.  In addition, the proposed resolution of this Action provides current and future employees with an opportunity to receive compensation for donning and doffing.  In making these findings, the Court has considered, among other factors: (i) the interest of Rule 23 Settlement Class members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the lack of any litigation concerning these same claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.  Rule 23(b)(3) is satisfied.

(f)    The Court finds that Larson King, LLP and Zimmerman Reed PLLP ("Settlement Class Counsel") are capable of fairly and adequately representing the interests of the Rule 23 Settlement Class.  Settlement Class Counsel have done extensive work identifying or investigating potential claims in the Action and have litigated the validity of those claims.  Settlement Class Counsel are experienced at handling class actions, other complex litigation, and claims of the type asserted in this Action.  Settlement Class Counsel are knowledgeable of the applicable law, and Settlement Class Counsel have committed the necessary resources to represent the Rule 23 Settlement Class.  Rule 23(g) is satisfied.

7.      FLSA Collective Action Certification:  Based on the foregoing findings and the Court's previous Orders, the Court reaffirms certification of the following FLSA Class under 29 U.S.C. § 216(b), for the sole purpose of settlement, and without an adjudication on the merits (the "FLSA Class"):

> All current or former production or sanitation employees, defined as hourly nonexempt employees in live receiving, evisceration, second processing, and sanitation, who filed opt-in notices in the Action and who worked for Gold'n Plump at any time in the three years preceding the date the employee opted into this Action, including all of the Named Plaintiffs and the persons who were the subject of ECF No. 319, shall be members of the "FLSA Class." Persons who opted into this lawsuit but who did not work in live receiving, evisceration, second processing, or sanitation at any time in the three years preceding the date the employee opted into this Action are not part of the FLSA Class.

8.      Rule 23 Class Certification:  Based on the foregoing findings, the Court finally certifies the following class for settlement purposes under Fed. R. Civ. P. 23(a) and (b)(3) in this Action, for the sole purpose of settlement and without an adjudication on the merits (the "Rule 23 Settlement Class"):

> All current or former production or sanitation employees, defined as hourly nonexempt employees in live receiving, evisceration, second processing, and sanitation, who worked for Gold'n Plump in Minnesota at any time between February 24, 2001 and December 21, 2007, or who worked for Gold'n Plump in Wisconsin at any time between February 24, 2002 and December 21, 2007, shall be members of the "Rule 23 Settlement Class."

The Court finds that solely for the purpose of settlement, the Rule 23 Settlement Class is sufficiently well-defined and cohesive.

The Court appoints the Named Plaintiffs as the Class Representatives for the Rule 23 Settlement Class, and Larson King, LLP and Zimmerman Reed PLLP as Settlement Class Counsel for the Rule 23 Settlement Class.

9. The settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Plaintiff Class.

10. The Class Representatives and Settlement Class Counsel have fairly and adequately represented the interests of the Plaintiff Class.

11. This Action is DISMISSED WITH PREJUDICE.

12. The Named Plaintiffs and all Plaintiff Class members are PERMANENTLY ENJOINED and barred from commencing or prosecuting any action asserting any of the Settled Claims either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority, tribunal, or forum wherever located, against the "Released Parties," which are defined to be Gold'n Plump, all of its affiliated, subsidiary, and parent companies, doing business in their own names and doing business under any other names, and all of their respective officers, directors, partners, insurers, employees, associates, trustees, agents, independent contractors, representatives, attorneys, predecessors, successors, and assigns.  Any person or entity who knowingly violates this injunction shall pay the costs and attorneys' fees incurred by Gold'n Plump or any other Released Party as a result of the violation.  The Named Plaintiffs and members of the Plaintiff Class who have not opted out are bound by the release of claims set forth in paragraph 12 of the Settlement Agreement.

13.     Settlement Class Counsel are awarded reimbursement of expenses, disbursements, and costs, including expert fees, mediator fees, court reporter fees, translation fees, costs of sending notice, settlement administration, and attorneys' fees, in the amount of $2,675,000.  The Class Representatives are each awarded Class Representative service fees in the amount of $12,500 for reimbursement of their time expended and the risks undertaken on behalf of the Plaintiff Class.  Such amounts as awarded shall be paid in accordance with the terms of the Settlement Agreement.

14.     The Court shall retain continuing jurisdiction over this action, the Parties and all Plaintiff Class members to determine all matters relating to this Order, the Preliminary Approval Order, the Judgment, or the Settlement Agreement, including their administration, implementation, interpretation, or enforcement.

15.     In the event that this judgment does not become "final" in accordance with paragraph 16 of the Settlement Agreement, then the judgment shall be rendered null and void to the extent provided by and in accordance with paragraph 16 of the Settlement Agreement, and this order shall be vacated.  Upon vacation, all orders entered in connection with the settlement shall be null and void.  In such event, this Action shall return to its respective status prior to execution of the Settlement Agreement as if the Settlement Agreement had never been executed.

A separate judgment consistent with this order and with the parties' Settlement Agreement will be entered today.

Dated:  April 18, 2008                                       s/Patrick J. Schiltz
                                                                       Patrick J. Schiltz
                                                                       United States District Judge